IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO. WDQ-13-2414 |
| **PATRICK J. BELZNER,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This matter comes before the court upon motion by the United States of America ("United States" or "Government") for entry of default judgment against Patrick J. Belzner ("Defendant"), pursuant to Fed. R. Civ. P. 55(b)(2), for failure to appear or otherwise defend in this matter. (ECF No. 7). Defendant has not filed a response and the time for doing so has passed. Local Rule 105.2a (D. Md. 2011). No hearing is necessary. Fed. R. Civ. P. 55(b)(2); Local Rule 105.6 (D. Md. 2011). The Honorable William D. Quarles, Jr. referred the matter to the undersigned magistrate judge to review the default judgment and make recommendations concerning damages. (ECF NO. 10). For the reasons set forth herein, I recommend that the United States' motion (ECF No. 7) be GRANTED and that damages be AWARDED as set forth herein.

**I. Background**

On August 19, 2013, the Government filed a complaint alleging that Defendant is liable for additional federal income taxes and statutory additions to tax for the 1995 and 1996 tax years. (ECF No. 1, ¶ 7). The Government alleges that Defendant is liable to the United States for $2,017,626.40, as of May 28, 2013, in federal income taxes, penalties, and accrued interest, plus interest and costs that have accrued since that date and continue to accrue according to law until fully paid. (Id. at ¶ 15). The present motion seeks to reduce to judgment the aforementioned claims for damages. (ECF No. 7).

**II. Standard for Default under Rule 55(b)(2)**

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading.

In deciding whether to grant a motion for default judgment, the Court must first consider the following three factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable

misconduct. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3rd Cir. 1987), see also Smith v. Bounds, 813 F.2d 1299 (4th Cir. 1987) (relying on these factors in determining whether a default judgment merited reconsideration).

The Court must also determine whether the plaintiff has alleged a legitimate cause of action. In reviewing a plaintiff's motion for entry of default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the Court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id., see also 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3rd ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the Court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. Unlike allegations of fact establishing liability, the Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. See Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2nd Cir.

3

1999). In so doing, the Court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The Court may also make a determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (finding that a court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum).

**III. Preliminary Factors**

The Clerk of court having filed entry of default on November 15, 2013 (ECF No. 5), the undersigned concludes that the procedural requirements for entry of default judgment have been met. Moreover, because Defendant has failed to file any responsive pleadings or otherwise show cause as to why default should not be granted, the Court is "not in a position to judge whether any delay was the result of culpable misconduct." Sambrick, 834 F.2d at 73. Further, Defendant's failure to appear deprived the Government of any other means of vindicating

4

their claim and the Government would be prejudiced if default is not granted.

**IV. Discussion**

　**A. Default Judgment**

The Government's complaint alleges that on August 25, 2003, for the 1995 tax year, the IRS assessed federal income tax –– $11,483.00, penalties –– $8,612.25, and interest –– $15,410.14, against Defendant; and on October 15, 2007, also assessed a late payment penalty –– $2,870.74. (Id. at ¶ 8). Similarly, the complaint alleges that on August 25, 2003, for the 1996 tax year, the IRS assessed federal income tax –– $393,832.00, penalties –– $295,374.00, and interest –– $426,223.86, against Defendant; and on October 15, 2007, also assessed a late payment penalty –– $98,458.00. (Id. at ¶ 9). As such, the Government's complaint alleges that, as of May 28, 2013, Defendant owes $61,523.45 (1995 tax assessment) plus $1,956,103.00 (1996 tax assessment), making Defendant liable to the United States for $2,017,626.40 plus accrued statutory additions to tax, interest, and costs that have accrued since that date and will continue to accrue according to law until fully paid. (ECF No. 1, ¶ 15).

In support of its motion for entry of default judgment, the Government has attached two "Certificate[s] of Official Record," "Form 2866," to establish the taxes, penalties, and interest

5

assessed against Defendant. These Form 2866 Official Records confirm the August 25, 2003 and October 15, 2007 assessments as alleged in the Government's complaint. (ECF No. 7-1, 3-7, 8-12). Also attached to the Government's motion is the declaration of Willette F. Strong, Revenue Officer, Baltimore, Maryland, Office of the IRS. (ECF No. 7-1, 1). Ms. Strong's declaration states that she has custody of the "IRS Account Transcripts" pertaining to Defendant, which demonstrate that, as of December 2, 2013, Defendant is indebted to the United States for unpaid income tax, penalties, and interest as follows: 1995 tax year –– $62,414.74; 1996 tax year –– $1,984,440.87 (collectively $2,046,855.61). (Id. at 2). The "IRS Account Transcripts" referenced in Ms. Strong's declaration are also attached to the Government's motion and confirm the amounts due as declared by Ms. Strong. (Id. at 13, 16).

Where an assessment of any tax is imposed pursuant to the Internal Revenue Code, 26 U.S.C. § 6502(a)(1) provides for a ten-year statute of limitations period to collect such tax by levy or proceeding in court. Here, the United States filed its complaint on August 19, 2013, within the ten-year limitations period that began with the IRS's August 25, 2003, 1995 and 1996 tax year assessments. Further, the Government has supported its motion, as discussed supra, with the Strong declaration, Certificates of Official Record (Form 2866), and IRS Account

Transcripts.  Accordingly, the Government has supported its claim for unpaid federal income taxes, penalties, and statutory interest with a declaration and certified records, "thus shifting the burden to Defendant to produce evidence refuting the Government's position."  U.S. v. Kitila, No. DKC-09-0455, 2010 WL 917873, at *3 (D. Md. Mar. 8, 2010) (citing U.S. v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980)).  Defendant has produced no evidence, thus, liability is established for unpaid taxes, related penalties, and interest.  As such, the Court GRANTS the Government's motion for Default Judgment.

**B. Damages**

Here, the Government seeks to reduce to judgment the Defendant's liability for federal income taxes, penalties, and accrued interest, plus interest and costs that have accrued since the Government filed its complaint and continue to accrue according to law until fully paid.  As such, the Government's complaint, motion for default, and supporting documents contain evolving figures as to alleged damages.  The Government's complaint alleges that, as of May 28, 2013, Defendant is liable for $2,017,626.40.  (ECF No. 1, ¶ 15).  The Government's motion for default judgment, the Strong Declaration, and the IRS Account Transcripts each proffer that, as of December 2, 2013, Defendant is liable for $2,046,855.61.  (ECF No. 8, 2; ECF No. 7-1, 2, 13-16).  The Government's motion and supporting

documents, however, do not direct the Court to any precedent or statutory provisions providing for post-assessment costs and interest, including, for example, what post-judgment interest rate this Court should apply if default judgment is awarded. Instead, the Government merely asserts post-assessment costs and interest accrue as a matter of law and cite the Strong Declaration and IRS Account Transcripts to establish the accrued interest as calculated by the IRS through December 2, 2013.

The Court, through its own research, finds that the Government is "statutorily entitled to recover interest on unpaid taxes accruing to the date of payment, regardless of whether the interest is reflected in an assessment." U.S. v. Sarubin, 507 F.3d 811, 812-13 (4th Cir. 2007). This is because establishing the amount of tax liability is a matter of evidence, yet, the amount of interest accrued on such tax liability is a matter of law. Id. at 816 (citations omitted). As such, interest is statutorily mandated pursuant to 28 U.S.C. § 6601(a), which states: "if any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 shall be paid for the period from such last date to the date paid." Moreover, post-judgment interest accrues according to the same rate. See 28 U.S.C. § 1961(c) (providing that post-judgment interest shall be allowed

with respect to any internal revenue tax case "at the underpayment rate or overpayment rate (whichever is appropriate) established under section 6621 of the Internal Revenue Code"). Here, the Strong Declaration and the IRS Account Transcripts account for the 1995 and 1996 tax year assessments combined with statutorily accrued interest up until December 2, 2013, in the amount of $2,046,855.61. (ECF No. 8, 2; ECF No. 7-1, 2, 13-16).

**V. Conclusion**

Having considered the Government's motion for default judgment, as well as the evidence presented and relevant statutory authority, it is hereby RECOMMENDED that:

1. The United States' motion for default judgment be GRANTED;
2. Judgment be entered against Patrick J. Belzner for unpaid income taxes, penalties and interest relevant to the 1995 and 1996 tax years in the amount of $2,046,855.61, as of December 2, 2013, plus penalties, interest, and statutory additions accruing after that date according to 26 U.S.C. § 6601(a) and 28 U.S.C. § 1961(c).

Date:  4/3/14                                /s/
                                       Susan K. Gauvey
                                       United States Magistrate Judge